**UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>MEDAVAIL HOLDINGS, INC. *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-10148 (JKS) |
| ALFRED T. GIULIANO, Chapter 7 Trustee for MEDAVAIL PHARMACY INC.<br><br>Plaintiff,<br><br>v.<br><br>INFLOW COMMUNICATIONS, INC.,<br><br>Defendant. | Adv. Pro. No. 26-50019-JKS<br><br>**Hearing Date: September 23, 2026 at 3:00 p.m. ET**<br>**Objections Due: September 15, 2026 at 4:00 p.m. ET** |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE RESOLUTION OF THE AVOIDANCE CLAIM AGAINST INFLOW COMMUNICATIONS, INC., PURSUANT TO FED. R. BANKR. P. 9019**

Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the jointly-administered estates of MedAvail Holdings, Inc. *et al*., including the estate of MedAvail Pharmacy Inc. (the "Debtor"), by and through his attorneys, Fox Rothschild LLP, respectfully requests the entry of an Order approving the resolution of the avoidance claim against Inflow Communications, Inc. (the "Defendant", together with the Trustee, the "Parties"), pursuant to Fed. R. Bankr. P. 9019 (the "Motion"). In support of the Motion, the Trustee respectfully represents as follows:

[1] The Debtors, along with the last four digits of their federal tax identification numbers are (i) MedAvail Holdings, Inc. (2394) (Case No. 24-10148-JKS); (ii) MedAvail, Inc. (8795) (Case No. 24-10149-JKS); (iii) MedAvail Technologies (US), Inc. (4085) (Case No. 24-10150-JKS); (iv) MedAvail Pharmacy Inc. (5604) (Case No. 24-10151-JKS); and (v) MedAvail Technologies, Inc. (9547) (Case No. 24-10152-JKS).

## JURISDICTION

1. The Court has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Fed. R. Bankr. P. 9019.

## FACTUAL BACKGROUND

4. On February 2, 2024 (the "Petition Date"), the Debtor and its affiliated co-debtors each filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). On the same day, the Office of the United States Trustee appointed Alfred T. Giuliano as Chapter 7 trustee, which appointment remains in effect.

5. Since the filing, the Trustee has been liquidating the Debtor's assets for the benefit of the estate and its creditors.

6. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtor's books and records and identified entities that received payments potentially avoidable under Sections 547, 548, 549 and 550 of the Bankruptcy Code.

7. On January 30, 2026, the Trustee filed a Complaint (the "Complaint") against the Defendant in the Court, commencing an adversary proceeding under Case No. 26-50019-JKS (the "Adversary Proceeding"), and asserting a claim for preference and/or fraudulent conveyance transfers (collectively, the "Transfers"), pursuant to 11 U.S.C. §§ 547, 548, and 550, in the amount of $22,719.03 (the "Claim"), which is the gross amount of transfers paid by the Debtor to the Defendant during the 90-day preference period.

8. Since the filing of the Complaint and the commencement of the Adversary Proceeding, the Defendant informally contacted the Trustee's attorneys to resolve and pay the full amount of the Claim.

9. On or around August 27, 2026, the Defendant transferred $22,719.03 (the "Payment") to the Trustee, for the benefit of the Debtor's estate, in complete satisfaction of the Claim. Given that the Defendant agreed to pay the full amount of the Claim, there was no compromise or settlement in the traditional sense that necessitated drafting and entering into a formal settlement agreement.

10. Moreover, given that the Claim was paid in full, the Trustee merely files this Motion out of an abundance of caution.

**RELIEF REQUESTED**

11. By this Motion, the Trustee seeks entry of an Order authorizing and approving the Trustee's resolution of the Claim against the Defendant, pursuant to Fed. R. Bankr. P. 9019.

**BASIS FOR RELIEF REQUESTED**

12. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

13. The Trustee is obligated to maximize the value of the estate and to make his decisions in the best interests of all the creditors of the estate. *Id.* at 394. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* A trustee's showing of sound business justification need not be unduly exhaustive;

instead, the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

14. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Martin*, 91 F.3d at 393. In striking this balance, courts should consider four factors: "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id*. (citation omitted).

15. The Trustee, through his professionals, and the Defendant engaged in good-faith discussions to resolve the Claim. In the Trustee's business judgment, the Defendant's payment in full of the Claim is in the best interests of the Debtor's estate and its creditors. Further, to the extent applicable, the Trustee submits that the four *Martin* factors weigh heavily in favor of approving the Trustee's resolution of the Claim.

16. With respect to the first *Martin* factor, the Trustee notes that the Defendant agreed to pay—and has already paid—the full value of the Claim. To the extent the Trustee elected to pursue additional litigation against the Defendant, the Trustee believes such litigation would be futile, as it is unlikely he would be able to recover any additional damages beyond what the estate has already received through the Payment.

17. With respect to collection difficulties, the Trustee does not believe that this factor is particularly relevant given that he has already collected in full from the Defendant.

18. In terms of the complexity of litigation, and the expense, inconvenience, and delay necessarily attending it, the issues at stake in cases of this nature can be highly complex and the

underlying facts may be susceptible to varying interpretations. In the absence of the Payment, arguing for and defending against the Claim to conclusion may have required additional discovery, expert testimony, detailed briefing, and travel expenses. As a result, the Parties would have incurred significant litigation costs and expenses that could have easily exceeded the entire value of the Claim and the Payment. Given the amount at stake, the unpredictable nature of avoidance actions, and the likelihood of incurring excessive costs, the Parties believe that there was limited upside to pursuing litigation any further, especially where the Defendant has already paid the Claim in full.

19. Lastly, given that the Payment has already resulted in a recovery of $22,719.03—the total gross amount of transfers made by the Debtor to the Defendant during the 90-day preference period—for the estate, the Trustee believes that, rather than pursuing costly litigation with speculative levels of success, approval of the Trustee's resolution is in the paramount interest of the creditors.

20. Because the four *Martin* factors weigh heavily in favor of approving the Trustee's resolution of the Claim, and because it is otherwise reasonable and supported by a sound business justification, it should be approved. The Trustee submits, in the exercise of his business judgment, the resolution of the Claim and the Payment are the most effective way to maximize value for the estate.

**NOTICE**

Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Debtor; (iii) the Defendant; and (iv) all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that no further notice is required and requests that the Court determine such notice is adequate and proper.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (i) approving the resolution of the Claim against the Defendant, pursuant to Fed. R. Bankr. P. 9019; and (ii) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: *<u>/s/ Seth A. Niederman</u>*

Seth A. Niederman, Esquire (No. 4588)
1201 N. Market Street, Suite 1200
Wilmington, DE 19801
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
Matthew A. Skolnick, Esquire
Two Commerce Square
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com
mskolnick@foxrothschild.com

Michael R. Herz, Esquire
49 Market Street
Morristown, NJ 07960
Phone (973) 992-4800/Fax (973) 992-9125
mherz@foxrothschild.com

-and-

Noah Thomas, Esquire
345 California Street, Suite 2200
San Francisco, CA 94101
Tel. (415) 364-5540/Fax (415) 391-4436
nthomas@foxrothschild.com

*Counsel for Alfred T. Giuliano, Chapter 7 Trustee*

Dated: September 1, 2026